UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:18-CV-00149-JHM

WILLIAM R. REYNOLDS                                                          PLAINTIFF

V.

OHIO COUNTY FISCAL COURT                                  DEFENDANTS
AND WAYNE AUTRY

## Memorandum Opinion and Order

This matter is before the Court on Defendants Ohio County Fiscal Court and Wayne Autry's Motion for Summary Judgment. [DN 24]. Fully briefed, this matter is ripe for decision. For the following reasons, Defendants' motion is **GRANTED**.

### I. Background

Plaintiff William Reynolds was employed at the Ohio County Road Department. [DN 1 at 3]. Defendant Wayne Autry was a co-worker. [DN 24-2 at 1]. Reynolds alleges the following: "On the day of October 10, 2017, we were taking dinner at the park in Rosine, Kentucky when Wayne Autry pulled his d*** out of his pants, said he could cover my sandwich with it while playing with it." [DN 1 at 6]. Later, Reynolds filed a complaint with his supervisor. [DN 24-2 at 1]. An investigation concluded with Autry's suspension with no pay for five days and being placed on probation for six months. [*Id.* at 2]. Reynolds then filed a complaint with the Equal Employment Opportunity Commission (EEOC). [DN 1-1]. The EEOC closed its file and issued a right to sue letter. [*Id.*]. Reynolds then filed this suit against his employer, Ohio County Fiscal Court, and against his co-worker, Autry. [DN 1].

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" FED. R. CIV. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

Obligations under Rule 56 are not lessened for a pro se plaintiff. "The liberal treatment of pro se pleadings does not require lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir.

May 5, 2010) (internal citations omitted). The Sixth Circuit has made it clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a pro se litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); *see United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a pro se plaintiff because he "failed to present any evidence to defeat the government's motion").

### III. DISCUSSION

Defendants argue that Reynolds cannot establish a prima facie case of sexual harassment and that Autry cannot be held individually liable under Title VII of the Civil Rights Act of 1964. [DN 24-1 at 8–9]. The Court holds that Defendants are entitled to judgment as a matter of law.

#### A. Sexual Harassment

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to discriminate based on sex. 42 U.S.C. § 2000e-2(a)(1). "A plaintiff may establish a violation of Title VII by proving that the discrimination based on sex created a hostile or abusive work environment." *Williams v. Gen. Motors Corp.*, 187 F.3d 553, 560 (6th Cir. 1999) (citations omitted). To establish a prima facie case of a hostile work environment based on a sex, a plaintiff must show that:

> (1) [he] is a member of a protected class,
> (2) [he] was subjected to unwelcome sexual harassment,
> (3) the harassment was based on [his] sex,
> (4) the harassment created a hostile work environment, and that
> (5) the employer is vicariously liable.

*Clark v. United Postal Serv., Inc.*, 400 F.3d 341, 347 (6th Cir. 2005) (citations omitted).

Assuming without deciding that the first three elements are met, Reynolds cannot prove that the harassment created a hostile work environment. Reynolds relies on the alleged

inappropriate conduct of Autry against himself and an unidentified co-worker. [DN 25 at 1]. To determine whether an environment is "hostile" or "abusive," courts consider factors such as "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). The Sixth Circuit has recognized that "an isolated incident is generally not actionable." *Bowie v. Advanced Ceramics Corp.* 72 F. App'x 258, 264 (6th Cir. 2003) (citing *Highlander v. K.F.C. Nat'l Mgmt. Co.*, 805 F.2d 644, 649–50 (6th Cir. 1986)). The isolated incident that Reynolds experienced, while disgusting, is not extreme enough to support a hostile work environment claim. Because Reynolds is not able to prove this element, the Court need not analyze whether the employer is vicariously liable.

### B. Personal Liability Under Title VII of the Civil Rights Act

Reynolds sues Autry as an individual. "[A]n individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). Here, no evidence suggests that Autry qualifies as an employer, and therefore he cannot be personally liable under Title VII for his conduct.

### IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED**.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: counsel of record

January 7, 2020